Next day's call for oral argument is Harvest Church of our Lord v. City of East St. Louis. Council, when you're ready, you may proceed. Good afternoon, your honors. My name is Bill Hardy. I represent the defendant appellate, in this case, the City of East St. Louis. Counsel. Your honors, this case involves a Rule 308 appeal. Three certified questions certified by Judge Quito, the trial judge in this case. Now, as we know, certified questions of this nature involving statutory interpretation are governed by the noble standard of review. So this court is not required to give any deference to Judge Quito's ruling in this case, which ultimately led to the certified questions. The certified questions all deal with essentially the same issue. The question is whether the one-year statute of limitations contained in the Tort Immunity Act applies to this case. The facts are not in dispute. The demolition in this case took place on January 15th of 2005. There was a notice of lien on file. Four months later, in April of 2005, suit was drawn in February of 2007, over two years after the demolition and some one year and nine months after the notice of lien. There's no question in this case about whether the plaintiff knew of the cause of action or discovery rule or anything like that. It's just a question, does the one-year statute apply or the five-year statute? And the second question, as we note in our brief, probably illustrates the issue in the most appropriate way. What the court is, what the judge is asking you to decide is whether the language contained in Section 2-101, which states nothing in this act affects the liability, if any, of a local public entity or public employee based on, and there's a long list of things, Common Carrier is one, and Section 1-4-7 of the Illinois Municipal Code is another one, whether that alters or eliminates the application of the one-year statute of limitation. Now, I don't want to discuss the cases in too much detail because obviously we've briefed this and we've cited all the relevant cases to you and I'm sure that you're familiar with the facts of the cases. But the point that I do want to make is that the answer to that question is no because we're talking about a procedural issue as opposed to a substantive issue. The cases talk about liability being substantive, whereas a statute of limitations or even a notice requirement, those are procedural issues. And case after case after case in Illinois, including Supreme Court cases, saying that the statute of limitations is a procedural issue. And rather than talk about the cases, let me just try to give you an example, just a hypothetical of the distinction between the two. I mean, let's take a negligence cause of action, for example. We know what the substantive requirements are. We were given that lawsuit. The plaintiff has to prove its duty, breach of duty, proximate cause of damages. Those are the elements, the substantive elements of the constitution. If there was some immunity that applied to that and said, well, there's no duty or the municipality is not liable for negligence under these circumstances, that would affect liability. But here we're talking about a procedural bar. We're talking about a one-year statute of limitations. The cases that we've cited, the Cooper case, the McClintock case, which albeit involved notice requirements, you know, have been followed and courts in the third district and the first district have adopted that recently. And in the McClintock case, this court said it was invited, in fact, to reconsider that holding in Cooper, which has been relied upon by other districts. And the court said no, because stare decisis is an important principle in consideration under Illinois law. People rely on this body of case law that's out there. And I don't think that anyone would dispute that a statute of limitations is a procedural bar. If the cause of action the plaintiff had filed within a year and could prove the substantive elements for liability, then there wouldn't be an issue in this case. This is a procedural issue. And I can't emphasize enough that the procedural versus substantive distinction must be taken into consideration when you're looking at that language. I mean, what does liability mean? I mean, we have all these cases out there that say liability is substantive, whereas statutes of limitations and notice requirements are procedural. So, you know, I'm prepared to discuss the cases if Your Honors would like to hear any or have any questions about any of the cases. But I believe that the law is fairly clear that this is a procedural bar, and it is, you know, it's like any other affirmative defense. It has nothing to do with liability. It simply doesn't affect liability. So unless the court has some questions about case law, I think that our decisiveness applies. And I would simply ask that the court answer the questions in the narrative we requested. Question number two, for example, is no. And let the court then decide so we don't have to go through a lengthy trial where we decide the issues of damages, other issues that will be resolved. Thank you, Your Honors. Thank you, counsel. Counsel? Please, the court, my name is George McClendon. I'm here today representing the Harvest Church. I agree the issue is narrow. I don't necessarily agree with the analysis I posed to counsel. But to begin with, the procedural issue, none of these issues were raised by the city at the trial court. The only thing that the record shows is that the city filed a motion for summary judgment based upon the one-year statute of limitations of the Tort and Unity Act. And then the church filed a response to that and cited to the section which finds that there is an exception to the liability as a certain cause of evasion. That's the extent of the record. They did bring up some of these cases in a motion to reconsider, but that motion to reconsider was withdrawn. So we're actually coming from a very narrow record. The court wants to rule based upon a very narrow record. Here's another question, of course. The city, in this case, is relying upon this court's opinion in Cooper. And Cooper goes back to the Habonuski case, which is the first case to use procedural substantive distinction to say that what appears to be a statute which says these various kinds of actions are exempt from the Tort and Unity Act, say, oh, no, they're not because that's only about a standard of proof. It has nothing to do with statutes of limitations and those requirements in the Act. That is taken a fairly broad heap by the Habonuski court because they cite back the authority for taking that position, a case which had nothing to do with the Tort and Unity Act. This is, to me, in my impression, and it may be somewhat callous, is that a court decided that it was going to save the taxpayer the money and decided to make a distinction which doesn't exist in the statute, quite frankly. There's also a second line of cases, a shorter line, to be sure, but not overturned. It begins with the HECO case, which is directly on point and cited in our brief. In the HECO case, it was a demolition case. The court there held that the notice requirement did not apply because that type of action, the same as we have here, was exempted by 1401 from the effects and the applicability of the Tort and Unity Act. That analysis is further supported by a case which I just found this weekend, a Illinois Supreme Court case. I also would like to point out that Justice Stamos was the author of HECO, a former justice of the Supreme Court, and Justice Underwood in an earlier case, Fujimura v. Chicago Transit Authority, 1977. Would you submit that in a motion? I will do so. With your argument and then counsel will give you a chance to reply to that. This case dealt not with the situation we have here, but it dealt with another act, which had special provisions for the cases against the CTA. But later in the case, actions brought against the CTA to which Section 41 is applicable are not only actions against the public entity to which a notice requirement or limitations period differing from those of the Tort and Unity Act applies. Suits for damages for the wrongful removal, destruction, or vacation of a building under Section 147 require no notice. Cites the HECO case. Then goes on to cite the Workers' Compensation Act requires a 45-day notice and contains various statutes of limitation, while the Workers' Occupational Diseases Act requires notice as soon as practical. Finally, actions against the CTA goes on, saying that these are exempt. These are the very statutes that are exempted by the exemption statute that we're talking about. And essentially what would happen if the court is saying if we didn't have an exemption for these things, we'd be in the Tort and Unity Act, but we are not. So that there is support for the position that the exemption act exempts them in their entirety from the effects of the act. Slower case I'd also point out is distinguishable in that case, and I have no idea why the court even decided to go into an analysis of the exemptions, because the plaintiff in the slower case was not a passenger on a common carrier, but a driver of a automobile who struck the bus, and it's been previously held that you don't put common carrier standards when there's a vehicular collision. It has to be someone who is patronizing the common carrier as a passenger before that standard of proof applies.  Counsel? Just very briefly, Your Honor. I believe he's talking about the case, the Fujimori case. I'm not prepared to address what's in sight. I know. After he files his motion to supplement, you can file your response to that. Thank you, Your Honor. The only other point I would make about the HECO case is, I don't want to regurgitate what's in our brief, but the HECO case relied on that. I think the Victor case, which is an earlier First District decision, statute of limitations wasn't raised properly and wasn't an issue. And the other point I'd like to make is we certainly did raise this in an affirmative defense, and the Court specifically said in the order that the reason it was denied our motion in certifying these questions is because it determined that the five-year statute of limitations applies and not the one year. So it is squarely before the Court. And I think in terms of – I'm not sure whether he's making some kind of argument saying we didn't cite these cases, but I think we did cite all these cases either in our opening motion or in the court motion we consider. So we would simply ask that the Court answer the questions in the manner we requested. Thank you, Your Honor. Thank you, Counsel. We appreciate the briefs and arguments of counsel. We'll take this case under advisement.